UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHIRLEY S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01270-TAB-JPH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES[1]

I.      Introduction

This matter is before the Court on Plaintiff Shirley S.'s  motion for attorney's fees under

42 U.S.C. § 406(b).  [Filing No. 32.]  Plaintiff's counsel obtained an exceptional result for

Plaintiff and seeks to be compensated in the amount of $17,393.25, consistent with the 25%

contingency fee agreement between Plaintiff and her counsel.  Defendant Commissioner argues

that the fee award counsel seeks should be significantly reduced.  As set forth below, the Court

finds that Plaintiff's proposed attorney's fee should be reduced somewhat, but not nearly as

significantly as the Commissioner suggests.  Accordingly, the Commissioner is directed to pay

Plaintiff's counsel attorney's fees in the amount of $14,940.

---

[1] Both the analysis and the text of this order substantially mirror the fee order issued in *Chasidy
A. v. Kijakazi*, 1:19-cv-02577-TAB-TWP.  The parties and counsel in these two cases are the
same, and the issues and argument raised are nearly identical.

## II.      Discussion

Plaintiff has faced a long, uphill battle in her effort to be awarded Social Security

disability benefits.  She first received an unfavorable decision for benefits in January of 2014.

Plaintiff then filed a new benefits application, including a claim for disabled widow benefits.

The Disability Determination Bureau denied her application initially and upon reconsideration.

Plaintiff pushed forward and requested a hearing.  Despite being represented by counsel, Plaintiff

was again denied benefits in a January 2019 decision.  The Appeals Council denied review.

On December 13, 2021, Plaintiff entered into a fee agreement with new counsel, Matthew

Richter, who continues to represent Plaintiff in this matter.  Richter filed a complaint with this

Court, and on July 15, 2021, following briefing, the undersigned remanded this case to the Social

Security Administration for a new hearing.  [Filing Nos. 27, 28.]  On February 17, 2022, upon

reconsideration, the SSA awarded Plaintiff past-due benefits totaling $69,573.  Moreover, as a

result of this award, Plaintiff also will receive ongoing disability benefits until death, retirement,

or until Plaintiff is no longer disabled, in addition to receiving health care benefits.

Counsel now seeks an award of attorney's fees for his representation of Plaintiff.  The fee

agreement Plaintiff signed provides for an award of 25% of the past-due benefits—$17,393.25.

The Commissioner argues that such an award would be unreasonable given that counsel spent

only 12.45 hours on this case, which would result in an implied hourly rate of $1,397.05.  [Filing

No. 35, at ECF p. 2.]

While the parties dispute what constitutes an appropriate fee award, the parties agree that

guidance on this question is found in *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), which

instructs that this Court must act as an "independent check" to ensure the fee award is

reasonable.  In making this determination, this Court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney.  *Id*. at 808.  There is no suggestion that Plaintiff's counsel has delayed these proceedings.  Rather, the focus of the inquiry is the character of the results obtained and whether the fee would constitute a windfall.

As noted above, the character of the results obtained for Plaintiff is exceptional. Plaintiff's long, uphill battle for Social Security disability benefits hit its first roadblock with a January 2014 unfavorable decision. A new application followed, but Plaintiff's result was similarly unsuccessful, despite a hearing and multiple appeals.  That changed after Richter took on the case in December 2021.  He successfully argued for remand before this Court, and upon returning to the SSA, received past-due benefits totaling $69,573, in addition to the related spoils that accompanied that victory.  Accordingly, the character of the results obtained for Plaintiff supports the requested fee award.

To determine whether a $17,393.25 fee award (and an implied $1,397.05 hourly rate) would be a windfall, the Court examines other fee awards.  On the lower end, implied hourly fee awards in the $400 to $600 range have been generally approved.  *Taylor v. Berryhill*, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at * 2 (S.D. Ind. Oct. 10, 2018) (compiling cases); *Cynthia L. v. Saul*, No. 1:17-cv-02192-JMS-TAB, 2019 WL 10060470, at * 4 (S.D. Ind. Sept. 20, 2019) (finding $600 per hour passed the reasonableness test); *Misty R. v. Saul*, No. 1:18-cv-03277-TAB-TWP, 2020 WL 6785382, at * 2 (S.D. Ind. Nov. 18, 2020) (finding an implied hourly rate of $914 "excessive" and reducing the rate to $600); *Allison v. Saul,* No. 1:17-cv-

3

03256-TAB-WTL, 2020 WL 7028034, at * 2 (S.D. Ind. Nov. 30, 2020) (reducing an implied

hourly rate from $1,745 to $600).

However, ample authority from within this district stands for the proposition that fee

awards that vastly exceed $600 per hour can still be reasonable. *See Bradley v. Kijakazi*, No.

1:20-cv-003230-JMS-TAB, 2021 WL 3931167, at * 5 (S.D. Ind. Sept. 2, 2021) (finding fee

award of $1,200 per hour "consistent with fee awards for similar cases"); *Fitzpatrick v. Berryhill*,

No. 1:15-cv-1865-WTL-MJD, at ECF p. 2 (S.D. Ind. Oct. 30, 2017) (approving an award

equivalent to an hourly rate of between $1,045 and $2,908); *Hinton v. Berryhill*, No. 1:17-cv-

02850-MJD-RLY, at ECF p. 4 (S.D. Ind June 3, 2019) (approving an hourly rate of $1,274.51).

Other districts have reached the similar conclusions. *See Heise v. Colvin*, No. 14-cv-739-jdp,

2016 WL 7266741, at * 2 (W.D. Wis. Dec. 15, 2016) (approving hourly rate of approximately

$1,100.00); *Peterson v. Colvin*, No. 12-cv-391 (E.D. Wis. Sept. 3, 2015) (approving hourly rate

exceeding $1,000 per hour); *Kolp v. Colvin*, No. 12-CV-842, 2015 WL 4623645, at *2 (E.D.

Wis. Aug. 3, 2015) (approving hourly rate of $1,118.44); *Szanyi v. Astrue*, No. 2:04-CV-412-

PRC (N.D. Ind. Nov. 14, 2007) (approving award in excess of the equivalent of an hourly rate of

$1,000).

The *Bradley* case noted above from this district is particularly instructive. In that case,

the Court made several observations. First, the Court observed that counsel handled the case in a

"very efficient manner," obtaining $117,130 in past-due benefits based upon 10.45 hours of

attorney time and 5 hours of non-attorney staff time. *Bradley*, 2021 WL 3931167, at * 5.

Second, the Court concluded a reduction was needed to avoid a windfall (which would have

amounted to $2,261 per hour without a reduction). Third, the *Bradley* Court remarked that

counsel "should reap the benefits of his work…." Accordingly, the Court reduced the fee request

from $29,282 (at an hourly rate of $2,261) to $15,540 (at an attorney hourly rate of $1,200).  As

Plaintiff points out in her reply brief, the Commissioner "has not shed any light" on why

counsel's work in *Bradley* was significantly more efficient than it is here.  [Filing No. 36, at ECF

p. 6.]  In *Bradley*, counsel handled two legal issues requiring 5 hours of attorney time and 10.45

hours of non-attorney staff time, resulting in an award of $117,130.  [Filing No. 36, at ECF p. 5-

6.]  In the case at bar, counsel litigated with marked efficiency, obtaining $69,573 based on

12.45 hours of attorney time.  While the Court believes that an implied hourly rate of $1,397.05

would be a windfall, counsel should reap the benefits of his work.  An hourly rate in the $1,000

to $1,200 range is reasonable.  Accordingly, consistent with *Bradley* and the exceptionally

efficient results counsel achieved here, a reasonable rate is $1,200 per hour.

Applying this methodology, 12.45 hours at $1,200 per hour is $14,940.  Accordingly, the

Commissioner is directed to pay to Plaintiff's counsel attorney's fees in the amount of $14,940.

## III.    Conclusion

Plaintiff's motion for attorney's fees [Filing No. 32] is granted in part.  For the reasons set

forth above, the Commissioner is directed to pay Plaintiff's counsel attorney's fees under 42

U.S.C. § 406(b) in the amount of $14,940.  As a consequence, Plaintiff's counsel must refund

Plaintiff the $2,303.25 fee previously awarded under the Equal Access to Justice Act.[2]

Date:  6/27/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] If the Court awards fees under both the SSA and EAJA, only the larger of the two awards may
be collected.  *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011), *rev'd on other
grounds*, *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015).

Distribution:

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Michael Jason Scoggins
SOCIAL SECURITY ADMINISTRATION
jason.scoggins@ssa.gov

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov